UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

V.J.C.A.,

Petitioner,

v.

KENNETH GENALO, in his official capacity
as Field Office Director of New York,
Immigration and Customs Enforcement, *et.
al.*,

Respondents.

**MEMORANDUM & ORDER**
26-CV-01482 (HG)

**HECTOR GONZALEZ**, United States District Judge:

On February 1, 2026, U.S. Immigration and Customs Enforcement ("ICE") arrested

Petitioner V.J.C.A. ("Petitioner") in Freeport, New York, and later transferred him to the

Metropolitan Detention Center in Brooklyn ("MDC"). Petitioner now seeks a writ of habeas

corpus pursuant to 28 U.S.C. § 2241. ECF No. 1.[1] For the following reasons, his Petition is

GRANTED.

**BACKGROUND**

Petitioner is a citizen of the Dominican Republic who entered the United States without

inspection or admission. *See* ECF No. 1-2 at 1; ECF No. 1 ¶ 26. While walking to work on the

morning of February 1, 2026, Petitioner was approached by unidentified agents who demanded

that he provide a form of identification. *See* ECF No. 1 ¶¶ 21–22. Petitioner presented his New

York state drivers' license, but the agents accused Petitioner of being "an illegal" and arrested

him after seeing an expired consular identification card in his wallet. *See id.* ¶¶ 22–25. "At no

---

[1] Unless otherwise indicated, when quoting cases and the parties' papers, the Court omits
all internal quotation marks, alteration marks, emphases, footnotes, and citations. The Court
refers to the pages assigned by the Electronic Case Files system ("ECF").

point during the interactions leading to the arrest did agents identify themselves, ask for his name, inform Petitioner that he could leave, explain the reason for their stop, or provide him with any paperwork." *Id.* ¶ 23.  It was only after the arrest that the agents identified themselves as ICE.  *See id.*  After being transported to several locations, including on Long Island and in New Jersey, Petitioner was taken to the MDC, where he remains.  *See id.* ¶¶ 1, 25.

On March 13, 2026, Petitioner initiated the instant action by filing a petition for a writ of habeas corpus.  ECF No. 1 ("Petition").  The same day, the Court issued an Order to Show Cause directing the government to show cause why a writ of habeas corpus should not be granted, why it should not be ordered to immediately release Petitioner from detention, and whether the instant Petition is controlled by this Court's prior opinions in *O.F.B. v. Maldonado*, No. 25-cv-6336, 2025 WL 3277677 (E.D.N.Y. Nov. 25, 2025), *R.P.L. v. Maldonado*, No. 25-cv-6886, 2025 WL 3731864 (E.D.N.Y. Dec. 26, 2025), and *Ndiaye v. Francis*, No. 26-cv-0069, 2026 WL 99930 (E.D.N.Y. Jan. 14, 2026).[2]  *See* Mar. 13, 2026, Text Order.

The government filed its response on March 17, 2026, *see* ECF No. 4 ("Response"), where it noted that, while it disagrees with the Court's rejection of its argument that 8 U.S.C. § 1225 applies to noncitizens who had been living in the country before they were detained, it nevertheless acknowledges that "if this Court were to apply the reasoning of its decisions *O.F.B.*, *R.P.L.*, and *Ndiaye* to this case, it would control the result."  *Id.* at 2.

---

[2]    In the interest of judicial economy, the Court does not repeat the legal discussions and analyses from those cases in this Order but instead incorporates same by reference herein.

The Court issues the instant Order before Petitioner's deadline to file a reply in light of its obligation to "determine the facts, and dispose" of habeas petitions expeditiously, "as law and justice require." 28 U.S.C. § 2243.

## LEGAL STANDARD

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 562 U.S. 86, 91 (2011); *see also Ozturk v. Hyde*, 136 F.4th 382, 393 (2d Cir. 2025). A petition for a writ of habeas corpus under Section 2241, "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or law or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)). "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention." *Lopez v. Sessions*, No. 18-cv-4189, 2018 WL 2932726, at *6 (S.D.N.Y. June 12, 2018) (citing *Demore v. Kim*, 538 U.S. 510, 516–17 (2003)).

## DISCUSSION

In the instant petition, Petitioner seeks a writ of habeas corpus based on a violation of the Due Process Clause of the Fifth Amendment, among other claims.[3] *See* ECF No. 1 ¶¶ 37–42.

In response, the government reiterates its now-familiar position—that "Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2)(A)," ECF No. 4 at 2—despite sweeping rejection by district courts across the country. The government does not repeat its statutory interpretation arguments in opposing the Petition, and it need not, because the result of this case is the same as that in *O.F.B.*, 2025 WL 3277677, *R.P.L.*, 2025 WL 3731864, and

---

[3]     The Court need not address Petitioner's other claims, given its conclusion that Petitioner's detention under 8 U.S.C. § 1226 violates the Due Process Clause of the Fifth Amendment.

*Ndiaye*, 2026 WL 99930.  And, for the reasons this Court has already articulated in those cases (and hundreds of others across the country), the Court concludes that Petitioner is currently being detained pursuant to Section 1226 and in violation of his rights to due process under the Fifth Amendment.  *See O.F.B.*, 2025 WL 3277677, at *3–6; *R.P.L.*, 2025 WL 3731864, at *2–4; *Ndiaye*, 2026 WL 99930, at *3; *see also, e.g.*, *Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569, at *3 (E.D.N.Y. Jan. 6, 2026) (collecting cases from courts "within the Eastern District of New York . . . [that] have [] rejected the government's interpretation.").

Accordingly, because the "typical remedy" for "unlawful executive detention" is "of course, release," *Munaf v. Geren*, 553 U.S. 674, 693 (2008), the government's ongoing detention of Petitioner, in the face of yet another complete failure of process, entitles him to immediate release, *see also Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973) ("[R]elease from illegal custody" is the "usual remedy by which a man is restored again to his liberty, if he ha[s] been against law deprived of it.").

## CONCLUSION

For the reasons stated above, Petitioner's detention violates the Due Process Clause of the Fifth Amendment, and his petition for a writ of habeas corpus, ECF No. 1, is GRANTED.

The government is directed to immediately release Petitioner from custody and is further directed to certify compliance with the Court's Order by filing a letter on the docket no later than 5:00 p.m. on March 18, 2026.  The Court further orders that Petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where Respondents will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a).  This Order includes "an injunction barring deprivation [of any] of the [Petitioner's] rights without the requisite procedural protections."  *Khabazha v.*

*United States Immigr. & Customs Enf't*, No. 25-cv-5279, 2025 WL 3281514, at *8 (S.D.N.Y. Nov. 25, 2025) (ordering government release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements" and return petitioner to "the status quo ante.").

For the avoidance of doubt, nothing in this Order shall be construed as a determination of the lawfulness of the government's right to detain Petitioner in the future pursuant to 8 U.S.C. § 1226(a) or (c)(1), nor shall anything herein be construed as to preclude the government from holding a hearing pursuant to 8 U.S.C. § 1226(a) if it seeks to detain Petitioner in the future.

The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.


SO ORDERED.

/s/ Hector Gonzalez
 HECTOR GONZALEZ
 United States District Judge

Dated: Brooklyn, New York
       March 17, 2026